IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C5 CAPITAL LIMITED and
ANDRE PIENAAR

          Applicants,                            Case No.: 1:24 MC 00010 TNM

For an Order Pursuant to 28 U.S.C. § 1782
Granting Leave to Obtain Discovery for Use
in Foreign Proceedings

**RESPONDENT STEIN MITCHELL BEATO & MISSNER LLP'S
<u>REQUEST FOR BRIEFING SCHEDULE</u>**

Applicants' *ex parte*[1] application for an order under 28 U.S.C. § 1782 ("Application") rests on multiple, independent factual inaccuracies and fails to satisfy the statutory requirements to qualify for such an order. Respondent Stein Mitchell Beato & Missner LLP opposes the Application and requests that the Court enter a briefing schedule to allow Respondent to file a brief in opposition detailing the factual and legal deficiencies sufficient to deny the Application.

Courts routinely issue show cause orders and briefing schedules in § 1782 cases unprompted by Respondents, to allow for substantive responses addressing whether the Application satisfies both the threshold statutory factors and the discretionary factors that govern the Court's analysis. *See, e.g., In re of Lucille Holdings Pte. Ltd.*, No. 1:21-MC-99 (GMH), 2022 WL 1421816, at *3 (D.D.C. May 5, 2022) ("As is its practice in section 1782 cases, the Court on July 26, 2021, issued […] an Order to Show Cause why the application should not be granted and

---

[1] Respondent only learned of the application through an automated docket search; Applicants did not serve or otherwise provide Respondent with notice of Applicants' filing. Applicants fail to explain why they moved *ex parte*: they do not, because they cannot, assert that there are any exigent circumstances justifying moving *ex parte*, or that Applicants could not have contacted and provided notice to Respondent (in fact, counsel for Applicants are well-acquainted with Respondent and the undersigned counsel).

set briefing deadlines…"); *In re Application of Caratube Int'l Oil Co., LLP*, 730 F. Supp. 2d 101, 104 (D.D.C. 2010) ("Shortly after [applicant] filed its petition, this Court, seeking to streamline these proceedings, issued an Order requiring the respondents to this action to show cause as to why it should not grant [applicant's] petition and issue the proposed subpoenas."); *In re Application of Thai-Lao Lignite (Thailand) Co., Ltd.*, 821 F. Supp. 2d 289, 291 (D.D.C. 2011) ("This Court ordered petitioners to serve the *ex parte* application on EDFI, along with an order for EDFI to show cause as to why the petition should not be granted.").

By their own admission, Applicants waited from October 2022—the date of the correspondence attached to the Application—until January 2024 to seek this information. They do not even attempt to establish any prejudice that would occur in allowing Respondent a reasonable opportunity to detail its arguments in opposition.

Thus, Respondent respectfully requests that the Court issue a briefing schedule as reflected in the attached order, within Respondent's Opposition due 30 days from the date of entry of the order.

Dated: January 31, 2024

Respectfully submitted,

/s/ *Robert B. Gilmore*
Robert B. Gilmore (D.C. Bar No. 492424)
Philip J. O'Beirne (D.C. Bar No. 1003436)
Stein Mitchell Beato & Missner LLP
2000 K Street, NW, Suite 600
Washington, DC  20005
(202)  737-7777
(202) 296-8312 (fax)
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Counsel for Stein Mitchell Beato & Missner LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2024 the foregoing was efiled and

served on:

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Joseph R. Oliveri (D.C. Bar No. 994029)
Steven Harrison (D.D.C. Bar No. VA134)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
joe@clarelocke.com
steven@clarelocke.com
*Attorneys for Applicants C5 Capital Limited*
*and André Pienaar*

/s/ Robert B. Gilmore
Robert B. Gilmore