IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C5 CAPITAL LIMITED and<br>ANDRÉ PIENAAR<br><br>*Applicants*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>Granting Leave to Obtain Discovery for Use<br>in Foreign Proceedings | Case No. 1:24-mc-00010-TNM |

**C5 CAPITAL LIMITED'S AND ANDRÉ PIENAAR'S RESPONSE TO
STEIN MITCHELL BEATO & MISSNER LLP'S REQUEST
FOR A BRIEFING SCHEDULE**

Stein Mitchell Beato & Missner LLP's ("Stein Mitchell") request for leave to file a response to C5 Capital's and Mr. Pienaar's Application is procedurally improper and should be denied.

This District, like others, has repeatedly held that Applications under 28 U.S.C. § 1782 are properly considered *ex parte* in the first instance. *See In re Application of De Leon*, No. 19-mc-197, 2020 WL 1047742, at *3 (D.D.C. Mar. 4, 2020) ("District courts are generally authorized to review section 1782 applications *ex parte*."); *Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*, No. 04-mc-281, 2005 WL 8178298, at *2 (D.D.C. Mar. 9, 2005) (rejecting challenge to *ex parte* nature of application); *see also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Application of Barney*, No. 22-mc-80154, 2022 WL 17813142, at *2 (N.D. Cal. Dec. 19, 2022) (similar). That is so, this District has explained, because "'the parties from whom discovery is sought will be given adequate notice of any discovery taken pursuant to the request

and will then have the opportunity to move to quash the discovery or to participate in it.'" *De Leon*, 2020 WL 1047742, at *3 (brackets omitted).

Stein Mitchell will, of course, have the opportunity to challenge the discovery sought in this Application if it ultimately decides to do so—but that opportunity comes *after* Applicants' *ex parte* Application has been decided, and it is properly raised through a motion to quash any subpoenas authorized by the Court, with Applicants afforded the opportunity to respond to any such motion. Accordingly, Stein Mitchell's request that the Court enter a briefing schedule should be denied. In the alternative, Applicants respectfully request that they be permitted to file a reply to any response that the Court permits Stein Mitchell to file—as Applicants would otherwise be entitled to file an opposition to a motion to quash filed by Stein Mitchell.

Dated: February 1, 2024

      /s/ Joseph R. Oliveri
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Joseph R. Oliveri (D.C. Bar No. 994029)
Steven Harrison (D.D.C. Bar No. VA134)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
joe@clarelocke.com
steven@clarelocke.com

*Attorneys for Applicants C5 Capital Limited and André Pienaar*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Robert B. Gilmore (D.C. Bar No. 492424)
Philip J. O'Beirne (D.C. Bar No. 1003436)
Stein Mitchell Beato & Missner LLP
2000 K Street, NW, Suite 600
Washington, DC 20005
(202) 737-7777
(202) 296-8312 (fax)
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Counsel for Stein Mitchell Beato & Missner LLP*

                                                  */s/ Joseph R. Oliveri*
                                                  Joseph R. Oliveri