# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **C5 CAPITAL LIMITED and**<br>**ANDRÉ PIENAAR**,<br><br>          *Applicants*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>Granting Leave to Obtain Discovery for Use<br>in Foreign Proceedings | Case No. 1:24-mc-10 (TNM) |

## MEMORANDUM ORDER

Applicants C5 Capital Limited and André Pienaar seek an order under 28 U.S.C.

§ 1782(a) compelling discovery for use in a foreign proceeding.  *See* Application, ECF No. 1.

Applicants say they intend to sue Daniel Freeman, a former employee of C5 Capital, in the

United Kingdom for breach of contract and defamation.  In Applicants' telling, Freeman misused

confidential company information and falsely accused Applicants of corruptly influencing a

valuable government contract.  Freeman's supposedly smoking-gun statements appear in a

PowerPoint presentation and a document titled "Freeman Interview Notes" that were circulated

to Members of Congress.  But before these documents were circulated, Applicants claim they

passed through the hands of Stein Mitchell Beato & Missner LLP, a Washington, D.C., law firm.

So they want pre-suit discovery from Stein Mitchell to confirm the source and context of

Freeman's statements.  Because the relevant law permits this discovery, the Court grants the

Application and orders Stein Mitchell to respond to Applicants' discovery requests.  *See* Dep.

Subpoena, ECF No. 1-6; Doc. Subpoena, ECF No. 1-7.

Two layers of legal standards govern Applicants' request: three statutory requirements in

§ 1782(a), and, if those requirements are met, four discretionary considerations in *Intel Corp. v.*

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Applicants have met the statutory requirements, and the discretionary considerations favor allowing the discovery.

Start with the statutory requirements.  Section 1782(a) says: "[U]pon the application of any interested person . . . [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]"  This discovery mechanism "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel*, 542 U.S. at 247.  And it sets out three requirements an applicant must satisfy to obtain discovery: "(1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person."  *In re App. of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 273 (D.D.C. 2018).

Applicants satisfy all three requirements.  For starters, Stein Mitchell voices no objection under the first or third conditions—nor could it.  Stein Mitchell is the entity "from whom discovery is sought," and it is headquartered in this district.  *Id.*  That satisfies the first requirement.  *See In re App. of Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *2 (D.D.C. Feb. 17, 2023) ("A corporation is 'found within' the district where it is headquartered or incorporated.").  And because Applicants intend to launch a U.K. lawsuit against Freeman, they qualify as "interested person[s]."  28 U.S.C. § 1782(a).  "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."  *Intel*, 542 U.S. at 256.  So that satisfies the third requirement.

Yet Stein Mitchell claims Applicants fail the second condition.  It argues Applicants have embarked on a "fishing expedition" to determine whether they have a lawsuit, and against whom it should proceed.  Opp'n to Application at 14–18, ECF No. 10.[1]  So, in its view, the discovery is not "*for use* in a [foreign] *proceeding*."  28 U.S.C. § 1782(a) (emphasis added).  But "section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings."  *Intel*, 542 U.S. at 258 (cleaned up).  It demands only that a proceeding "be within *reasonable contemplation*" when the discovery is requested.  *Id.* at 259 (emphasis added).

Applicants are reasonably contemplating a U.K. proceeding against Freeman.  They have outlined the claims they intend to pursue—breach of contract and defamation.  *See* Application at 20.  They have identified the specific facts underlying those claims—statements ostensibly made by Freeman in a PowerPoint presentation and an accompanying document.  *See id.* at 15–17, 20; Reply at 11, ECF No. 11.  And they have retained English counsel to sue in the appropriate U.K. court.  *See* Application at 20.  The documents and communications they seek from Stein Mitchell will merely confirm that Freeman is the right defendant (that he, and not some other individual, made the statements attributed to him).  *See id.*  And the materials will supply context to those supposedly actionable statements, such as Freeman's knowledge and state of mind at the time he made those statements.  *See id.*

Stein Mitchell says more is needed.  Citing *In re Application of Lucille Holdings Pte. Ltd.*, the firm states that discovery cannot be sought solely "to determine *whether* litigation could or should be pursued" in a foreign tribunal.  No. 1:21-mc-99, 2022 WL 1421816, at *13 (D.D.C. May 5, 2022) (emphasis added).  Perhaps.  But Applicants know they have a lawsuit on their hands.  And they have laid out specific plans to sue whoever made the allegedly unlawful

---

[1] The Court's page citations refer to the pagination generated by CM/ECF.

statements that appear in the PowerPoint and "Freeman Interview Notes" document.  *See* Reply at 13.  They strongly believe Freeman supplied those statements, but they want limited pre-suit discovery to verify that Freeman will be the right defendant in the forthcoming lawsuit.  *Id.* Section 1782(a) permits identify-confirming discovery like this.  *Accord In re Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *2 (D.D.C. Feb. 17, 2023) (holding requested discovery is "'for use' in . . . contemplated proceedings because the identity of the UK Source is instrumental to pursuing [the applicant's] claims").  And the sheer specificity of the Application here distinguishes it from the one in *Lucille*, which peddled "threadbare" allegations and "provide[d] only the most general identification of potential claims."  2022 WL 1421816, at *14.

Because Applicants have satisfied § 1782(a)'s statutory requirements, the Court moves to the four *Intel* discretionary factors: (1) whether "the person from whom discovery sought is a participant in the foreign proceeding"; (2) the nature and character of the foreign proceedings, and the foreign court's receptivity "to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  542 U.S. at 264–65.

The second and third factors undisputedly favor Applicants.  On the second factor, U.S. courts "presume that foreign tribunals will be receptive to evidence obtained here," absent "authoritative proof" otherwise.  *Pishevar*, 2023 WL 2072454, at *3.  Here, Applicants have provided affirmative proof—several English precedents and a Declaration from an English Solicitor and Solicitor Advocate—that an English court would be receptive to discovery obtained under § 1782(a).  *See* Application at 23 (collecting authorities).  And relatedly, on the third factor, there is no evidence that discovery under § 1782(a) would circumvent a "proof-gathering

restriction" imposed by English law.  *See id.* at 24.  For these reasons, courts routinely grant § 1782(a) applications for use in English proceedings.  *See, e.g.*, *Pishevar*, 2023 WL 2072454, at *4; *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 694 (D.C. Cir. 1989) (affirming grant of § 1782(a) application).

Still, Stein Mitchell argues the first and fourth factors weigh against discovery.  It says the first factor "addresses situations where the discovery sought is unobtainable absent the aid of § 1782."  Opp'n at 19.  Because Applicants might obtain similar information from Freeman, Stein Mitchell argues Applicants should be forced to start there.  *See id.*  But § 1782(a) imposes no such exhaustion requirement, and Stein Mitchell misapprehends the straightforward inquiry under the first factor:  Will "the person from whom discovery is sought" be "a participant in the foreign proceeding"?  *Intel*, 542 U.S. at 264.  If the answer is no—as it is here—then this factor favors discovery because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Id.*  Stein Mitchell confirms these circumstances are present here.  *See* Opp'n at 19 (recognizing Applicants "would likely not be able to obtain discovery from Stein Mitchell in the English action").  So properly framed, *Intel*'s first factor favors granting discovery.

That leaves Stein Mitchell's argument on the final factor—that the discovery is unduly burdensome per se because Applicants could obtain it more easily from Freeman (a party) than Stein Mitchell (a non-party).  *See* Opp'n at 20–21.  But again, § 1782(a) does not require Applicants to exhaust their discovery options with Freeman before seeking discovery from Stein Mitchell.  *See In re Veiga*, 746 F. Supp. 2d 87, 24 (D.D.C. 2010) ("Section § 1782(a) does not

incorporate an exhaustion requirement, and an applicant is not required to first seek discovery from the foreign tribunal.").

More, Applicants have tailored their proposed discovery requests.  Indeed, they propose *two* document requests seeking communications between Stein Mitchell and Freeman (or the person who made statements attributed to Freeman) concerning Applicants and the government contract at issue.  *See* Document Subpoena at 7, ECF No. 1-7.  They also want to depose a Stein Mitchell representative about *two* topics: the PowerPoint and "Freeman Interview Notes" document, and Stein Mitchell's communications with Freeman (or the person who made statements attributed to Freeman) about Applicants and the relevant government contract.  *See* Deposition Subpoena at 16, ECF No. 1-6.  That proposed discovery bears directly on Applicants' forthcoming claims.  It is not "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 265.  So the Court will allow it.  Any remaining discovery disputes must be resolved in a manner that complies with this Court's normal procedures.  *See* Standing Order ¶ 10, ECF No. 7.

For these reasons, it is hereby

**ORDERED** that Applicants' [1] Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings is hereby GRANTED; and it is further

**ORDERED** that Stein Mitchell must respond to Applicants' proposed document subpoena and sit for a deposition within one month of this Order.

**SO ORDERED**.


Dated: April 18, 2024                                         _____
                                                             TREVOR N. McFADDEN, U.S.D.J.